[Cite as *State v. Younker*, 2012-Ohio-2532.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                     :

    Plaintiff-Appellee                        :          C.A. CASE NO.    2011 CA 33

v.                                                :          T.C. NO.    10CR366

JENIFER L. YOUNKER                                :              (Criminal appeal from
                                                               Common Pleas Court)

    Defendant-Appellant                       :

                                                  :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the _____8th_____ day of _____June_____, 2012.

. . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. No. 0074332, Assistant Prosecuting Attorney, 61 Greene Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 2000 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

JENIFER L. YOUNKER, #W081-191, Dayton Correctional Center, P. O. Box 17399, Dayton, Ohio 45417
    Defendant-Appellant

. . . . . . . . . .

PER CURIAM:

{¶ 1}    Jenifer Younker was originally charged by indictment with five separate counts – count one: Conspiracy to Commit Trafficking in Cocaine, a second degree felony, in violation of R.C. 2923.01(A)(2) and R.C. 2925.03(A)(1); count two: Trafficking in Cocaine, a first degree felony, in violation of R.C. 2925.03(A)(1); counts three and four: Trafficking in Cocaine, second degree felonies, in violation of R.C. 2925.03(A)(1); and count five: Complicity to Trafficking in Cocaine, a third degree felony, in violation of R.C. 2923.03(A)(2) and R.C. 2925.03(A)(1).

{¶ 2}    The parties entered into a plea agreement in which Younker pled guilty to count one, as charged, and to counts three and five, which were amended to Trafficking in Cocaine, a fourth degree felony, in violation of R.C. 2925.03(A)(1). The State agreed to dismiss counts two and four. The court sentenced Younker to four years in prison on count one, to run concurrently with two eighteen-month sentences for counts three and five.

{¶ 3}    Appointed counsel filed a notice of appeal on June 8, 2011. On January 9, 2012, counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no meritorious issues for appellate review. By magistrate's order on January 18, 2012, we notified Younker that her counsel had filed an *Anders* brief and of the significance of that brief. The order advised Younker of her right to file a pro se brief within sixty days. Younker did not file a pro se brief.

{¶ 4}    Younker's counsel identified two possible issues for appeal. First, he raises that "the trial court failed to comply with all applicable rules and statutes in imposing the sentence, which is clearly and convincingly contrary to law." Second, he raises that "the trial court abused its discretion in sentencing the defendant to four years in prison."

{¶ 5}    Younker's sentence is neither contrary to law nor an abuse of discretion. "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). The Supreme Court of Ohio enumerated a two-step process for appellate review of criminal sentencing. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. First, the appellate court considers whether the trial court complied with all applicable rules and statutes. *Id*. at ¶ 4. Second, when the sentence is not contrary to law, it will be reviewed under the abuse of discretion standard. *Id*. A sentence is not an abuse of discretion unless a sentence is grossly unsound, unreasonable, illegal or unsupported by the evidence. *State v. Saunders*, 2d Dist. Greene No. 2009 CA 82, 2011-Ohio-391, ¶ 12.

{¶ 6}    The trial court expressly stated that it had balanced the seriousness and recidivism factors under R.C. 2929.12. Trial courts do not need to make further findings to demonstrate that they have considered the factors. *State v. Watkins*, 186 Ohio App.3d 619, 2010-Ohio-740, 929 N.E.2d 1072, ¶ 39 (2d Dist.). The trial court emphasized the seriousness of Younker's drug dealing activities, and that Younker's co-defendant received a harsher sentence of sixteen years. Furthermore, the transcript of the sentencing hearing demonstrates that the trial court considered Younker's status as a mother, as well as her efforts to educate herself and maintain employment, when imposing a lighter sentence. This court has recognized that a trial court enjoys "full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive or more than minimum sentences." *Saunders* at ¶ 10. After considering the applicable rules and statutes, the court imposed a four year sentence, well within the statutory range of two to eight

years. Furthermore, count one, Conspiracy to Commit Trafficking in Cocaine, a second degree felony, carried a presumption of imprisonment. Younker's sentence was not contrary to law, and the trial court did not abuse its discretion in imposing her sentence.

{¶ 7} Pursuant to our responsibilities according to *Anders*, we have conducted an independent review of the entire record and have found no error with arguable merit. We agree with the assessment of the appointed counsel that there is no meritorious issue to present on an appeal.

{¶ 8} The judgment of the lower court is affirmed.

. . . . . . . . . .

GRADY, P.J., FAIN, J., and DONOVAN, J., concur.

Copies mailed to:

Elizabeth A. Ellis
Daniel E. Brinkman
Jenifer L. Younker
Hon. Stephen A. Wolaver